UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Donna Payne

    v.                                    Civil No. 15-cv-274-JD
                                              Opinion No. 2016 DNH 101
Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration


O R D E R


The magistrate judge has issued a report and recommendation
to grant Donna Payne's motion to reverse and remand the decision
of the Acting Commissioner denying her application for
disability insurance benefits.  The magistrate judge reports
that the Administrative Law Judge ("ALJ") erred in assessing
Payne's residual functional capacity, which resulted in an
erroneous finding at Step Four.[1]  The Acting Commissioner filed
an objection to the report and recommendation, challenging that
determination and asserting that any error in the residual

---

[1] In determining whether a claimant is disabled for purposes
of social security benefits, the ALJ follows a five-step
sequential analysis.  20 C.F.R. §§ 404.1520 and 416.920.[1]  The
claimant bears the burden through the first four steps of
proving that her impairments preclude her from working.  Freeman
v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).  At the fifth
step, the Acting Commissioner has the burden of showing that
jobs exist which the claimant can do.  Heggarty v. Sullivan, 947
F.2d 990, 995 (1st Cir. 1991).

functional capacity assessment was harmless.  Payne filed a
response to the objection.

The court "makes[s] a de novo determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made." 28 U.S.C. §
636(b)(1).  In making that determination, "the court may accept,
reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  Id.

The magistrate judge reports that the ALJ erred in failing
to limit Payne's residual functional capacity to jobs that
required only simple instructions.  Because the ALJ relied on
the faulty residual functional capacity assessment in finding at
Step Four that Payne could return to her former work, the
magistrate concluded that substantial evidence is lacking to
support the ALJ's assessment and recommended that the ALJ's
finding that Payne was not disabled be reversed.  The magistrate
judge also concluded that the Acting Commissioner's argument
that the vocational expert's testimony would support a finding
at Step Five that Payne was not disabled did not render the
error at Step Four harmless.

In support of her objection to the magistrate judge's
determination that the ALJ erred in assessing Payne's residual
functional capacity, the Acting Commissioner simply refers to

the "reasons set forth in the Commissioner's initial brief."
She provides no specific argument to show that the magistrate
judge made a mistake in finding that the ALJ's residual
functional capacity assessment improperly omitted a limitation
for jobs requiring only simple instructions.  The magistrate
judge thoroughly explained why the Acting Commissioner's
reasoning did not support the ALJ's assessment.

The Acting Commissioner's reference to her "initial brief"
is not sufficient to raise an objection to the magistrate
judge's report and recommendation as to the error in the ALJ's
residual functional capacity assessment.  Therefore, the Acting
Commissioner did not invoke the court's de novo review of the
issue.  Nevertheless, the court has reviewed the pertinent
opinions and the ALJ's analysis and concurs with the magistrate
judge's report.

The Acting Commissioner also contends that even if the ALJ
erred in assessing Payne's residual functional capacity, as the
magistrate judge found, that error is harmless.  The Acting
Commissioner points to the vocational expert's testimony at the
hearing about jobs that would be available even with a
limitation for simple unskilled work.  In light of that
testimony, the Acting Commissioner argues that there was

evidence in the record that could have supported a finding at Step Five that Payne was not disabled.

When an ALJ makes an alternative and correct finding at Step Five, based on a vocational expert's testimony that considered additional limitations, that finding may render an error in assessing residual functional capacity at Step Four harmless.  See, e.g., Gobis v. Colvin, 2016 WL 3176635, at *5 (D.N.H. June 7, 2016).  When the ALJ makes an erroneous finding at Step Four but does not make an alternative finding at Step Five, however, the error at Step Four is not harmless.  See Letellier v. Comm'r of Social Sec. Admin., 2014 WL 936437, at *7-*8 (D.N.H. Mar. 11, 2014).  Because the ALJ did not make an alternative finding at Step Five, the vocational expert's testimony does not make the error at Step Four harmless.

The Acting Commissioner also objects to the section of the report and recommendation that provides the magistrate judge's observations about the ALJ's evaluation of Dr. Ganem's opinion. As the magistrate judge acknowledges, resolving conflicts in the evidence is for the ALJ and not the court.  Irlanda Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991).  On the other hand, the court may review the ALJ's evaluation of medical opinion evidence under the applicable standard to determine whether substantial evidence supports the ALJ's residual

functional capacity assessment.  20 C.F.R. § 404.1527; see also
McNelley v. Colvin, 2016 WL 2941714, at *1 (1st Cir. Apr. 28,
2016); Diaz v. Colvin, 2016 WL 2992909, at *2-*4 (D. Mass. Mar.
28, 2016).

If the magistrate judge's review of the ALJ's evaluation of
Dr. Ganem's opinion provided an analysis under § 404.1527 to
show that the ALJ improperly afforded the opinion little weight,
it might have provided additional grounds for reversing the
decision.  As written, however, the section appears to provide
only observations about that evidence that are extraneous to the
actual decision.  Observations about the evidence that are not
related to the merits of the decision are at most dicta.[2]
Therefore, to avoid confusion, the court will not adopt the
magistrate judge's observations about the ALJ's evaluation of
Dr. Ganem's opinion, and that part of the report and
recommendation is struck.


## Conclusion

For the foregoing reasons, the report and recommendation is
modified to strike the section that begins near the bottom of
page 17 ("That said, in the interest of encouraging a proper

---

[2] The court also notes that advisory opinions by district
courts are precluded by Article III of the Constitution.

consideration of Payne's claim on remand, the court observes that the decision to give limited weight to Dr. Ganem's opinion may not have been well founded.") and ends at the middle of page 21 ("When doing so, the ALJ should probably consider the issues discussed above.").

The court accepts and adopts the remainder of the report and recommendation.  The claimant's motion to reverse and remand (document no. 10) is granted.  The Acting Commissioner's motion to affirm (document no. 14) is denied.

The case is remanded for further proceedings pursuant to Sentence Four of § 405(g).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

June 15, 2016

cc:  Janine Gawryl, Esq.
     T. David Plourde, Esq.